IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULYETTE MAXWELL,                    )      CASE NO. 5:11 CV 2782
                                     )
              Plaintiff,             )
                                     )      MAGISTRATE JUDGE
       v.                            )      WILLIAM H. BAUGHMAN, JR.
                                     )
COMMISSIONER OF SOCIAL               )
SECURITY,                            )      **MEMORANDUM OPINION AND**
                                     )      **ORDER**
              Defendant.             )

## Introduction

This is an action for judicial review of the final decision of the Commissioner of
Social Security denying the application of the plaintiff, Julyette Maxwell, for supplemental
security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of
the Commissioner, found that Maxwell had severe impairments consisting of carpal tunnel
syndrome, arthritis, degenerative joint disease, and peripheral neuropathy.[1] The ALJ made
the following finding regarding Maxwell's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that
> Ms. Maxwell has the residual functional capacity to perform light work as
> defined in 20 CFR 416.967(b) with restrictions. Specifically, she can lift and
> carry 20 pounds occasionally and 10 pounds frequently. In an eight-hour
> workday, she can sit for six hours and stand and/or walk for six hours. She is
> unlimited in her ability to push and pull. She is able to understand, remember
> and carry out complex and simple instructions in a work-related setting. she

---

[1] Transcript ("Tr.") at 15.

can frequently interact with co-workers and supervisors under routine supervision. She can occasionally climb ramps or stairs, but is unable to climb ladders, ropes or scaffolds. She can occasionally kneel, crawl, bend, stoop, and crouch. She can perform frequent handling and fingering.[2]

Given that residual functional capacity, the ALJ found Maxwell capable of her past relevant work as a cashier, assembler/packer, and telemarketer[3] and, therefore, not under a disability.[4]

Maxwell asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Maxwell presents three issues for decision:

1.   Does substantial evidence support the ALJ's decision not to find any severe mental impairments at step two?

2.   Does substantial evidence support the ALJ's residual functional capacity finding at step four, which provides for light (rather than sedentary) work, frequent handling and fingering, and frequent interaction with co-workers and supervisors under routine supervision?

3.   If substantial evidence does not support the ALJ's RFC finding, is the record evidence such that the Court should remand with a direction to award benefits?

The Court concludes that the finding of the Commissioner as to Maxwell's RFC is affirmed, except for the limitation for standing and walking, which is reversed. Therefore, the case will be remanded for the limited purpose of reconsideration of the limitations on Maxwell's ability to stand and walk in an eight-hour workday.

---

[2] *Id.* at 17.

[3] *Id.* at 21.

[4] *Id.*

## Analysis

Beginning with the step two challenge to the ALJ's decision, as I discussed at the oral argument herein, the reviewing court need not address the step two issue under the authority of *Maziarz v. Secretary of Health and Human Services*[5] and its progeny. According to the court in *Maziarz*, if the ALJ proceeds beyond step two to decide the case at step four or step five based on a residual functional capacity finding, the single inquiry is whether the residual functional capacity finding, or more particularly the work-related limitations therein, have the support of substantial evidence.[6] At the argument both counsel agreed with this assessment.

At step four Maxwell argues that substantial evidence does not support the RFC finding because greater physical and mental limitations should have been included. Specifically, she points to a hypothetical posed by Maxwell's counsel at the hearing before the ALJ to the VE as setting out the limitations supported by substantial evidence in the record.[7] In response to that hypothetical, the VE answered that with those limitations the person could not perform the past relevant work previously identified and could not perform any work at a competitive level.[8]

---

[5] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

[6] *Id.*

[7] Transcript ("Tr.") at 67-68.

[8] *Id.* at 68.

The RFC in Maxwell's hypothetical differs from the ALJ's RFC in three distinct ways. First, it contains a limitation to standing or walking only two hours in an eight-hour day (as opposed to six). Also, any walking done would require an ambulatory aid. Second, the ability to handle or finger would be limited to occasional (as opposed to frequent). Third, interaction with co-workers and supervisors and the general public would be superficial only (as opposed to frequent). There would be no interaction with the general public (as opposed to no limitation).

As to the limitations on standing and walking, extensive medical evidence appears in the transcript documenting problems with Maxwell's left ankle and right knee. The ALJ discusses some of this evidence in his decision.[9] Maxwell extensively summarizes this evidence in her brief.[10] The Commissioner's brief minimally comments on the knee and ankle impairment.[11]

The transcript contains no RFC opinion from a treating physician, consulting examining physician, or medical expert. A state agency reviewing physician, Elizabeth Das, M.D., gave an RFC opinion in May of 2008,[12] more than a year before the ALJ's hearing. She opined that Maxwell could stand or walk for six hours in an eight-hour

---

[9] *Id.* at 19-20.

[10] ECF # 15. at 7-11.

[11] ECF # 20 at 2, 4, and 9.

[12] Tr. at 624-31.

workday.[13] She referenced some x-ray findings in the file at the time.[14] The ALJ concluded that "Dr. Das' [sic] opinion is not given full weight as the evidence as a whole indicates greater exertional limitations."[15] The ALJ's RFC finding does not incorporate, however, any greater exertional limitation on standing or walking.[16]

As the Commissioner accurately points out, a diagnosis of an impairment does not automatically equate to a functional limitation.[17] In the face of a finding that an impairment is severe, and extensive medical evidence of treatment for that impairment, the ALJ must offer some explanation as to how that severe impairment imposes no limitation on a claimant's work-related capabilities. If a claimant can stand or walk six hours in an eight-hour workday, she effectively has no limitation on her work-related capability for those activities.[18]

---

[13] *Id.* at 625.

[14] *Id.*

[15] *Id.* at 20.

[16] *Id.* at 17.

[17] *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988).

[18] *See*, Tr. at 625 [SSA-4734-BK (12-2004)].

The ALJ, therefore, erred by failing to provide a meaningful basis for judicial review of his decision to place no limitations on Maxwell's ability to stand or walk given the severe impairments to her right knee and left ankle.[19]

On the other hand, the ALJ does extensively set out the evidence relied on to support his finding that Maxwell could perform frequent handling or fingering.[20] To be sure, the transcript contains evidence going both ways on this limitation.[21] But substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[22] This Court must affirm if substantial evidence supports the Commissioner's decision, even if substantial evidence supports the claimant's position[23] or the Court does not agree with the finding at issue.[24] The evidence relied on by the ALJ in adopting the lesser limitation on fingering and handling is substantial.

Finally, the ALJ incorporated no significant mental limitations into the RFC findings. This outcome is completely consistent with the evaluation of E.M. Bard, Ph.D., the

---

[19] The ALJ did, however, identify and explain substantial evidence in the record in support of the finding that Maxwell did not medically require a hand-held assistive device for ambulation. Tr. at 20.

[20] Tr. at 17-18.

[21] ECF # 15 at 18-19.

[22] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

[23] *Id.*

[24] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

consulting examining psychologist,[25] and John Waddell, Ph.D., the state agency reviewing psychologist.[26] The transcript contains no evidence of regular mental health treatment[27] and no evaluation of a treating psychiatrist or psychologist. In the absence of an opinion by a treating source, the opinion of a consulting examining source or a state agency reviewing source can constitute substantial evidence in support of a finding on limitations if consistent with the medical evidence.[28] Here the opinions in the transcript are consistent with the medical evidence, and the finding as to mental limitations must be affirmed.

In summary, the decision of the Commissioner as to Maxwell's RFC is affirmed, except for the limitation for standing and walking, which is reversed. A remand is appropriate for a reconsideration of the limitations on Maxwell's ability to stand and walk in an eight-hour workday. If, upon reconsideration, the ALJ adopts a different RFC, a hypothetical incorporating that RFC must be propounded to a VE. That hypothetical may not necessarily be the one posed to the VE by Maxwell's counsel at the hearing before the ALJ. Accordingly, this is not a case in which proof of disability is overwhelming or strong and

---

[25] Tr. at 603-08.

[26] *Id.* at 610-23.

[27] *Id.* at 15.

[28] *Woodson v. Astrue*, No. 1:11 CV 1992, 2012 WL 2250100, at *11 (N.D. Ohio June 15, 2012); *Golina v. Comm'r of Soc. Sec.*, No. 5:10 CV 2594, 2012 WL 892608, at *6 (N.D. Ohio Mar. 14, 2012).

evidence to the contrary is lacking,[29] and the Court will not reverse and direct an award of benefits.

## Conclusion

For the reasons set forth above, the decision of the Commissioner denying Maxwell supplemental security income is reversed and the case remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated:  March 28, 2013                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[29] *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994).